UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID A. DAY,

        Petitioner,

  -vs-

                                                    Case No. 13-C-106

WILLIAM POLLARD, Warden,
Waupun Correctional Institution,

        Respondent.

## DECISION AND ORDER

        The respondent moves to dismiss David Day's habeas petition as untimely. The Wisconsin Supreme Court denied Day's petition for review on October 24, 2011, and Day did not seek review in the United States Supreme Court. Accordingly, the respondent argues that the one-year limitations period began to run 90 days later on January 22, 2012. *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). If so, Day's petition is untimely because it wasn't filed until January 28, 2013.

        In response, Day argues that the time for seeking review in the United States Supreme Court actually began to run on November 3, 2011. In support, Day attaches a copy of "Court Record Events" from the Wisconsin Circuit Court Access system which includes entries reflecting that the order in question was certified and remitted to the circuit court on that later date. These entries are irrelevant because the time for seeking review does not start on the date of remittitur. "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be

reviewed, *and not from the issuance date of the mandate (or its equivalent under local practice).*" Sup. Ct. R. 13.3 (emphasis added). The "date of entry of the judgment or order sought to be reviewed" is October 24, 2011. Therefore, Day's petition is untimely.

Finally, the Court notes that Day submitted a series of *pro se* letters in response to the motion to dismiss, essentially arguing that the limitations period should be tolled because of the errors of his attorney. Generally speaking, the Court has the discretion to reject this type of "hybrid representation." *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998); *Lee v. State of Ala.*, 406 F.2d 466 (5th Cir. 1968) (In habeas corpus proceeding, petitioner "had a right to represent himself or to be represented by counsel, but he had no right to a hybrid representation partly by himself and partly by counsel"); *Donovan v. State*, No. 00-268-P-H, 2001 WL 179887, at *1 (D. Me. Feb. 16, 2001) ("It is clear that in federal courts individuals have the right to represent themselves and that they have the right to be represented by a lawyer, but they do not have the right to both simultaneously").

Nonetheless, the Court will address Day's *pro se* argument for the sake of completeness and because it is easily dispatched. An attorney's unprofessional conduct can count as an "extraordinary circumstance" that justifies equitable tolling. *Holland v. Florida*, 560 U.S. ---, 130 S. Ct. 2549, 2554, 2562-63 (2010). However, "an attorney's negligence, *for example, miscalculating a filing deadline, does not provide a basis for tolling a statutory time limit.*" *Maples v. Thomas*, 132 S. Ct. 912,

923 (2012) (citing *Holland*, 130 S. Ct. at 2564) (emphasis added). That's all that happened here: Day's attorney miscalculated the filing deadline. Therefore, Day is not entitled to equitable tolling. "[T]he principal rationale for disallowing equitable tolling based on ordinary attorney miscalculation is that the error of an attorney is constructively attributable to the client and this is not a circumstance beyond the litigant's control." *Holland*, 130 S. Ct. at 2567 (Alito, J., concurring in part and concurring in judgment).

The Respondent's motion to dismiss [ECF No. 6] is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly. The Court will not issue a certificate of appealability. Rule 11(a), Rules Governing Section 2254 Cases.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2013.

                                                 **BY THE COURT:**

                                                 *Rudolph T. Randa*
                                                 **HON. RUDOLPH T. RANDA**
                                                 **U.S. District Judge**